BRYAN K. ANDERSON (SBN 170666)
bkanderson@sidley.com
ASHISH NAGDEV (SBN 259921)
anagdev@sidley.com
RYUK PARK (SBN 298744)
ryuk.park@sidley.com
SIDLEY AUSTIN LLP
1001 Page Mill Road, Building 1
Palo Alto, CA 94304
Telephone:    (650) 565-7000
Facsimile:    (650) 565-7100

PHILIP W. WOO (SBN 196459)
pwoo@sidley.com
EZEKIEL RAUSCHER (SBN 269141)
erauscher@sidley.com
KELLY A KRELLNER (SBN 278998)
kkrellner@sidley.com
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone:    (415) 772-1200
Facsimile:    (415) 772-7400

*Attorneys for Plaintiff* **APPLE INC.**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **APPLE INC.** | **Case No. 15-cv-03762** |
| Plaintiff, | **COMPLAINT FOR DECLARATORY JUDGMENT** |
| v. | **JURY TRIAL DEMANDED** |
| **EON CORP. IP HOLDINGS, LLC,** | |
| Defendant. | |

Plaintiff, Apple Inc. ("Apple"), for its complaint against Defendant, EON Corp. IP Holdings, LLC ("EON"), alleges as follows:

## NATURE OF THE ACTION

1.     This is a declaratory judgment action arising under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.* and the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.* Apple seeks a declaration of invalidity, unenforceability, and non-infringement of U.S. Patent No. 5,592,491 ("the '491 patent"). Apple further seeks a declaration that EON is precluded from asserting any claim of the '491 patent against any Apple products or services.

## THE PATENT-IN-SUIT

2.     The '491 patent, entitled "Wireless Modem," issued on January 7, 1997, from U.S. Patent Application No. 08/348,618 filed December 2, 1994. The '491 patent expired on January 7, 2014. A true and correct copy of the '491 patent is attached hereto as **Exhibit 1**.

## PARTIES

3.     Plaintiff, Apple, is a corporation duly organized and existing under the laws of the State of California, with its principal place of business located at 1 Infinite Loop, Cupertino, California 95014.

4.     Upon information and belief, Defendant, EON, is a Texas limited liability company with its principal place of business located at 719 W. Front Street, Suite 108, Tyler, Texas 75702. Upon information and belief, EON is a wholly owned subsidiary of EON Corporation, a Delaware corporation.

5.     Upon information and belief, EON is the exclusive licensee of all right, title, and interest in and to the '491 patent.

## JURISDICTION AND VENUE

6.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1367 because this action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, with a specific remedy sought based upon the laws authorizing actions for declaratory judgment in the courts of the United States, 28 U.S.C. §§ 2201 and 2202, the basis for which is fully set forth below.

7.     This Court has personal jurisdiction over EON pursuant to the laws of the State of California, including California's long-arm statute and California Code of Civil Procedure § 410.10 because, upon information and belief, EON regularly conducts business in this judicial district.  In particular, upon information and belief, EON is in the business of licensing the '491 patent in this judicial district.

8.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400 because EON is doing business in this judicial district, and in particular, EON has attempted to license the '491 patent in this judicial district.  The Federal Circuit ordered a related case involving the same parties and the same patent to be transferred from the Eastern District of Texas to the Northern District of California.  *EON/Apple*, No. 14-CV-5511-WHO, ECF No. 55  (N.D. Cal. transferred Dec. 17, 2014).

### **EON'S PRIOR LITIGATION AGAINST CELLULAR SERVICE PROVIDERS**

9.     EON previously sued several cellular service providers, including U.S. Cellular and Sprint, in the Eastern District of Texas for infringement of the '491 patent.  *EON Corp. IP Holdings LLC v. Sensus USA Inc.* ("*EON/Sensus*"), No. 10-CV-0448 (E.D. Tex. filed Oct. 22, 2010).  The case was promptly transferred to this district.  *EON/Sensus*, No. 12-CV-1011-JST, ECF No. 277 (N.D. Cal. transferred Jan. 9, 2013).

10.     After transfer to this district, the *EON/Sensus* defendants moved for summary judgment of non-infringement.  *EON/Sensus*, ECF No. 924.  The defendants contended, among others, that the handsets in the accused cellular networks, including Apple's iPhones and iPads, do not operate in the manner required by the "transferring . . . if" limitation present in each claim of the '491 patent.  *Id.*

11.     This Court granted the motion for summary judgment and found that the accused handsets do not operate in the manner required by the "transferring … if" limitation present in each claim of the '491 patent.  *EON/Sensus*, ECF No. 1029.

12.     The Federal Circuit affirmed this Court's decision without issuing any opinions.  *EON/Sensus*, ECF No. 1117.

### EON'S PRIOR LITIGATION AGAINST APPLE & FACTS GIVING RISE TO DECLARATORY JUDGMENT JURISDICTION

13.     While its lawsuit against the cellular service providers was pending, EON sued Apple in the Eastern District of Texas, alleging infringement of four patents, including the '491 patent. *EON Corp. IP Holdings, LLC v. Apple Inc.* ("*EON/Apple*"), No. 12-CV-0943-LED (E.D. Tex. filed Dec. 19, 2012).

14.     Apple moved to transfer the case from the Eastern District of Texas to this district on the basis that that "the majority of witnesses and documents relevant to the marketing, sales, research, design and development of the accused products and technologies are located in the Northern District of California" and that "the location of Apple and its employee witnesses within the Northern District of California gives [this district] a significant localized interest in the action." *EON/Apple*, ECF No. 21 at 7, 13.

15.     While Apple's transfer motion was pending, EON served its infringement contentions, accusing various Apple products (*i.e.*, Apple's iPhone 3, iPhone 3S, iPhone 4, iPhone 4S, iPhone 5, iPad, iPad 2, iPad with retina display, iPad mini, iPod Touch, Apple TV, Airport Extreme, and Airport Express) and services of infringing the '491 patent.

16.     The Eastern District of Texas court denied Apple's motion to transfer, and Apple immediately filed its petition for mandamus with the Federal Circuit. *EON/Apple*, ECF Nos. 53, 54. The Federal Circuit granted Apple's petition and ordered that the case be transferred to the Northern District of California. *EON/Apple*, No. 14-CV-5511-WHO, ECF No. 55 (N.D. Cal. transferred Dec. 17, 2014).

17.     After transfer to this district, EON moved for leave to amend its infringement contentions to add previously undisclosed infringement theories based on Apple Push Notification services ("APNs") and also to add other Apple products (*i.e.*, Apple's iPhone 5s, iPhone 5c, iPad Mini 2, and iPad Air). *EON/Apple*, ECF No. 89. This Court denied EON's motion to add the APNs theories because EON "did not act with diligence in adding the APNs theories," and further denied EON's motion to add other Apple products for the same reason. *EON/Apple*, ECF No. 114 at 9:19-20, 9:27-10:1.

18.     Thereafter, on June 3, 2015, Apple filed its motion for summary judgment, seeking a determination that EON is precluded under collateral estoppel and the *Kessler* doctrine from asserting the '491 patents against Apple's products and services. *EON/Apple*, ECF No. 106. In its brief, Apple contended that this Court in *EON/Sensus* had already determined that Apple's products, including Apple iPhones and iPads, do not operate in the manner required by the "transferring . . . if" element which is present in each claim of the '491 patent. *EON/Apple*, ECF No. 106.

19.     On June 12, 2015, EON moved for voluntary dismissal without prejudice of all claims against Apple. *EON/Apple*, ECF No. 116. In its brief, EON expressed its intent to relitigate its claims against Apple and add its APNs theories and other Apple products and services, which this Court excluded from the *EON/Apple* case. *EON/Apple*, ECF No. 116 at 4:26-27, 5:4-6.

20.     Apple opposed EON's motion for voluntary dismissal on several grounds. *EON/Apple*, ECF No. 120. Among others, Apple contended that dismissal would eviscerate this Court's ruling denying EON's motion for leave to amend and also nullify the Federal Circuit's venue determination. *Id.* at 5:24-7:17.

21.     On August 17, 2015, this Court issued its order denying EON's motion for voluntary dismissal and further granting Apple's motion for summary judgment. *Apple/EON*, ECF No. 130.

22.     EON's intent to relitigate its patent claims against Apple threaten actual and imminent injury to Apple that can be redressed by judicial relief and that injury is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. Absent a declaration of non-infringement, invalidity, and/or unenforceability of the '491 patent, and a declaration that EON is precluded from asserting the '491 patent against Apple (either by way of res judicata, collateral estoppel, *Kessler*, license, or exhaustion), EON's continued wrongful assertions of infringement related to Apple's products or services will cause Apple harm.

**COUNT 1 – DECLARATION OF INVALIDITY OF THE '491 PATENT**

23.     Apple realleges and incorporates by reference the allegations in paragraphs 1 through 22 above.

24. This claim arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

25. There is a real, immediate, substantial, and justiciable controversy between Apple and EON concerning whether the claims of the '491 patent are valid.

26. This controversy is amenable to specific relief through a decree of a conclusive character.

27. All claims of the '491 patent are invalid because they fail to meet the conditions of patentability or otherwise comply with one or more of 35 U.S.C. § 100 *et seq.*, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112.

28. Apple is entitled to a judicial declaration that all claims of the '491 patent are invalid.

**COUNT 2 – DECLARATION OF UNENFORCEABILITY OF THE '491 PATENT**

29. Apple realleges and incorporates by reference the allegations in paragraphs 1 through 28 above.

30. This claim arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

31. There is a real, immediate, substantial, and justiciable controversy between Apple and EON concerning whether the claims of the '491 patent are enforceable.

32. This controversy is amenable to specific relief through a decree of a conclusive character.

33. All claims of the '491 patent are unenforceable because of laches, equitable estoppel, promissory estoppel, unclean hands, waiver, or patent misuse.

34. Apple is entitled to a judicial declaration that all claims of the '491 patent are unenforceable.

**COUNT 3 – DECLARATION OF NON-INFRINGEMENT OF THE '491 PATENT**

35. Apple realleges and incorporates by reference the allegations in paragraphs 1 through 33 above.

36. This claim arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

37.     There is a real, immediate, substantial, and justiciable controversy between Apple and EON concerning whether the manufacture, use, sale, offer for sale, or importation into the United States of Apple's products or services infringe any claim of the '491 patent.

38.     This controversy is amenable to specific relief through a decree of a conclusive character.

39.     The manufacture, use, sale, offer for sale, or importation into the United States of Apple's mobile devices does not infringe any claim of the '491 patent.

40.     Apple is entitled to a judicial declaration that the manufacture, use, sale, offer for sale, or importation into the United States of Apple's products or services does not infringe any claim of the '491 patent.

### COUNT 4 – DECLARATION OF PRECLUSION UNDER RES JUDICATA, COLLATERAL ESTOPPEL, AND THE KESSLER DOCTRINE

41.     Apple realleges and incorporates by reference the allegations in paragraphs 1 through 39 above.

42.     This claim arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

43.     There is a real, immediate, substantial, and justiciable controversy between Apple and EON concerning whether EON is precluded from asserting any claim of the '491 patent against any Apple products or services, including without limitation, Apple's iPhone 3, iPhone 3S, iPhone 4, iPhone 4S, iPhone 5, iPhone 5s, iPhone 5c, iPad, iPad 2, iPad Air, iPad with retina display, iPad mini, iPad Mini 2, iPod Touch, Apple TV, Airport Extreme, and Airport Express.

44.     This controversy is amenable to specific relief through a decree of a conclusive character.

45.     EON is precluded under res judicata, collateral estoppel, and the *Kessler* doctrine from asserting any claim of the '491 patent against any Apple products or services under any infringement theory, including without limitation any theory based on Apple Push Notification services.

46.     Apple is entitled to a judicial declaration that EON is precluded from asserting any claim of the '491 patent against any Apple products or services under any infringement theory.

**COUNT 5 – DECLARATION OF LICENSE AND EXHAUSTION OF THE '491 PATENT**

47.     Apple realleges and incorporates by reference the allegations in paragraphs 1 through 42 above.

48.     This claim arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

49.     There is a real, immediate, substantial, and justiciable controversy between Apple and EON concerning whether Apple's products or services are licensed to practice the '491 patent and EON's right to assert the '491 patent against Apple's products or services are exhausted under the doctrine of patent exhaustion or under a covenant not to sue.

50.     This controversy is amenable to specific relief through a decree of a conclusive character.

51.     Apple's products or services are licensed to practice the '491 patent and EON's right to assert the '491 patent against Apple's products or services are exhausted under the doctrine of patent exhaustion or under a covenant not to sue.

52.     Apple is entitled to a judicial declaration that Apple's products or services are licensed to practice the '491 patent and EON's right to assert the '491 patent against Apple's products or services are exhausted under the doctrine of patent exhaustion or under a covenant not to sue.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Apple prays for a declaration from this Court and judgment as follows:

A.     That all claims of the '491 patent are invalid and unenforceable;

B.     That Apple's products or services do not infringe any claim of the '491 patent;

C.     That EON is precluded from asserting any claim of the '491 patent against any Apple products or services;

D.     That the '491 patent is subject to a license and/or a covenant not to sue with respect to Apple's products or services;

COMPLAINT FOR DECLARATORY JUDGMENT

1    E.    That this is an exceptional case within the meaning of 35 U.S.C. § 285; and

2    F.    Such other and further relief as this Court deems just, reasonable and proper.

3    ## JURY DEMAND

4    Apple demands a trial by jury on all issues presented in this Complaint.

5

6

7    Dated: August 17, 2015                Respectfully submitted,

8

9                                By:    */s/ Ryuk Park*

10                                       BRYAN K. ANDERSON (SBN 170666)
                                         bkanderson@sidley.com
11                                       ASHISH NAGDEV (SBN 259921)
                                         anagdev@sidley.com
12                                       RYUK PARK (SBN 298744)
                                         ryuk.park@sidley.com
13                                       SIDLEY AUSTIN LLP
                                         1001 Page Mill Road, Building 1
14                                       Palo Alto, CA 94304
                                         Telephone:    (650) 565-7000
15                                       Facsimile:    (650) 565-7100

16                                       PHILIP W. WOO (SBN 196459)
                                         pwoo@sidley.com
17                                       EZEKIEL RAUSCHER (SBN 269141)
                                         erauscher@sidley.com
18                                       KELLY A KRELLNER (SBN 278998)
                                         kkrellner@sidley.com
19                                       SIDLEY AUSTIN LLP
                                         555 California Street, Suite 2000
20                                       San Francisco, CA 94104
                                         Telephone:    (415) 772-1200
21                                       Facsimile:    (415) 772-7400

22                                       *Attorneys for Plaintiff*  **Apple Inc.**

23

24

25

26

27

28

9

COMPLAINT FOR DECLARATORY JUDGMENT