David J. Miclean (SBN 115098)
dmiclean@micleangleason.com
Gary R. Gleason (SBN 136167)
ggleason@micleangleason.com
Carmen M. Aviles (SBN251993)
caviles@micleangleason.com
MICLEAN GLEASON LLP
411 Borel Avenue, Suite 310
San Mateo, CA  94402
Office:  (650) 684-1181
Fax:  (650) 684-1182

John Hendricks (*pro hac vice*)
Daniel R. Scardino (*pro hac vice*)
Catherine Bentley Harris (*pro hac vice*)
Matthew Murrell (*pro hac vice*)
REED & SCARDINO LLP
301 Congress Avenue, Suite 1250
Austin, TX  78701
Telephone:  (512) 474-2449
Facsimile:  (512) 474-2622
jhendricks@reedscardino.com
dscardino@reedscardino.com
bharris@reedscardino.com
mmurrell@reedscardino.com

Attorneys for Defendant
EON CORP. IP HOLDINGS, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APPLE, INC.,<br><br>                    Plaintiff,<br><br>vs.<br><br>EON CORP. IP HOLDINGS, LLC,<br><br>                    Defendant | Case No. 5:15-cv-03762-PSG<br><br><br>**DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION** |

## I.   INTRODUCTION

Plaintiff Apple Inc.'s ("Apple") claims against Defendant EON Corp. IP Holdings, LLC ("EON") should be dismissed under Federal Rule of Civil Procedure 12(b)(2) because the Court lacks personal jurisdiction over EON—a Texas limited liability company with no business office or registered agent in California.  Under controlling law, EON's alleged licensing activity in this forum does not create minimum contacts necessary for personal jurisdiction in a declaratory action involving a patent.  EON therefore respectfully requests that the Court dismiss Apple's claims against it for lack of personal jurisdiction.

## II.   FACTUAL BACKGROUND

EON is a Texas limited liability company with its principal place of business at 719 West Front Street, Suite 108, Tyler, Texas  75702.  EON's connections with California are *de minimis*:  it maintains no offices or agents in California, and it has conducted no business in the state beyond the nonexclusive licensing of its patents.  Indeed, Apple alleges nothing more.  Although EON has participated as a plaintiff in two patent infringement lawsuits in the Northern District of California, it filed those lawsuits in a foreign jurisdiction, and those cases were transferred here over EON's vigorous opposition.[1]  EON is a wholly owned subsidiary and the licensing entity of EON Corporation, a pioneer in the wireless industry in the 1990s.  EON is the assignee through an exclusive license of all right, title, and interest in and to a family of related patents invented in-house by EON Corporation engineer, Gilbert Dinkins, including U.S. Patent No. 5,592,491 (the "'491 Patent").  EON possesses all rights of recovery under the patent, including the exclusive right to recover for past infringement. The '491 Patent held by EON is valid and enforceable.

---

[1]  As Apple notes in its Complaint, EON has participated in two patent infringement lawsuits in this district, both filed in the Eastern District of Texas, and both transferred to this Court against EON's will.  The first suit, *EON Corp. IP Holdings LLC v. Sensus USA Inc.*, No. 10–CV–448, was filed in E.D. Tex. on October 22, 2010.  D.I. 1, at ¶ 9.  The case was transferred only after EON's vigorous attempt to defeat the transfer motion.  *See EON Corp. IP Holdings LLC v. Sensus USA Inc.*, No. 2:10–CV–448, 2012 WL 122562, at *1–*6 (E.D. Tex. Jan. 9, 2012) (detailing the various arguments made by EON urging the court to deny transfer).  As Apple also notes, the second suit, *EON Corp. IP Holdings, LLC v. Apple Inc.*, No. 12–CV–943–LED, was also filed in E.D. Tex. on December 19, 2012.  D.I. 1, at ¶ 13.  Like the *Sensus* action, the case was transferred over EON's objections only after a vigorous battle that found its way into the Federal Circuit on a writ of mandamus.  D.I. 1, at ¶¶ 14, 16.

| DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION | CASE NO.: 5:15-CV-03762-PSG |

On August 17, 2015, Apple sued EON in the Northern District of California for a declaratory judgment that the '491 Patent is invalid and unenforceable; that Apple's products do not infringe the '491 Patent; that infringement is precluded under the doctrines of res judicata, collateral estoppel, and the *Kessler* doctrine; and that infringement is precluded under license and exhaustion.  (D.I. 1, at ¶¶ 23–52).

## III.   MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

### A.  The Law of Personal Jurisdiction Creates a High Bar for Apple to Overcome.

Apple's claims should be dismissed for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2). Absent one of the traditional bases for personal jurisdiction, such as consent, domicile, or presence in the forum, "due process requires . . . that in order to subject a defendant to a judgment *in personam* . . . he have certain minimum contacts with it such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Avocent Huntsville Corp. v. Aten Int'l Co., Ltd.*, 552 F.3d 1324, 1329 (Fed. Cir. 2008) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)); *accord CollegeSource v. AcademyOne, Inc.*, 653 F.3d 1066, 1073 (9th Cir. 2011).

Personal jurisdiction in a declaratory action for patent invalidity and non-infringement is governed by Federal Circuit case law.  *See Silent Drive, Inc. v. Strong Indus., Inc.*, 326 F.3d 1194, 1201 (Fed. Cir. 2003) ("Because the issue of personal jurisdiction in a declaratory action for patent invalidity and non-infringement is intimately related to patent law, personal jurisdiction over [the count] is governed by the law of this circuit.").  Once a defendant moves to dismiss for lack of personal jurisdiction, "the plaintiff bears the burden of establishing that jurisdiction is proper."  *Pieczenik v. Dyax Corp.*, 265 F.3d 1329, 1354 (Fed. Cir. 2001); *accord Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008).

Under Federal Circuit law, personal jurisdiction over an out-of-state defendant requires that the forum state's long-arm statute permit service of process, and the assertion of personal jurisdiction comport with federal due process.  *See Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*, 566 F.3d 1012, 1017 (Fed. Cir. 2009) (citing *Genetic Implant Sys., Inc. v. Core-Vent Corp.*, 123 F.3d 1455, 1458 (Fed. Cir. 1997)); *LSI Indus. Inc. v. Hubbell Lighting, Inc.*, 232

F.3d 1369, 1371 (Fed. Cir. 2000); *Pac. Atl. Trading Co. v. M/V Main Express*, 758 F.2d 1325, 1327 (9th Cir. 1985).  "[B]ecause California's long-arm statute is coextensive with the limits of due process, the two inquiries collapse into a single inquiry:  whether jurisdiction comports with due process." *Autogenomics*, 566 F.3d at 1017 (quoting *Inamed Corp. v. Kuzmak*, 249 F.3d 1356, 1360 (Fed. Cir. 2001)); *accord Boschetto*, 539 F.3d at 1015.

The federal due process inquiry examines a defendant's minimum contacts with the forum to determine whether those contacts are sufficient to confer either general or specific jurisdiction over the defendant. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 46 U.S. 408, 414 (1984).  Apple cannot establish either general or specific jurisdiction over EON in California.

**B. Apple Cannot Demonstrate General Personal Jurisdiction Over EON Because EON Does Not Have Systematic and Continuous Contacts with California.**

"General jurisdiction 'requires that the defendant have 'continuous and systematic' contacts with the forum state and confers personal jurisdiction even when the cause of action has no relationship with those contacts.'" *Autogenomics*, 566 F.3d at 1017 (quoting *Helicopteros*, 466 U.S. at 416); *see Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004).  There are no allegations in Apple's complaint that EON is subject to general jurisdiction in California or that its contacts are substantial, continuous, or systematic. Instead, Apple's sole basis for jurisdiction is that "EON regularly conducts business in this judicial district" by "licensing the '491 Patent in this judicial district."  (D.I. 1 at ¶ 7).  Those facts, taken as true, do not rise to general jurisdiction.

In *Autogenomics*, the Federal Circuit affirmed a Central District of California ruling that it lacked general jurisdiction over a defendant who "ha[d] no physical presence or license to do business in California" and whose licensing activity—"enter[ing] into non-exclusive licenses with 'about ten' California companies"—failed to rise above the *de minimis* contacts required by the Supreme Court in *Helicopteros*.  566 F.3d at 1015, 1017–18.  The Federal Circuit noted that licensing alone did not rise to general jurisdiction:

> [The defendant] does not have contacts with the forum state that qualify as "continuous and systematic general business contacts." Rather, this "is a classic

DEFENDANT'S MOTION TO DISMISS FOR LACK
OF PERSONAL JURISDICTION

CASE NO.: 5:15-CV-03762-PSG

case of sporadic and insubstantial contacts with the forum state, which are not sufficient to establish general jurisdiction over the defendants in the forum."

*Id.* at 1017 (quoting *Helicopteros*, 466 U.S. at 416; *Campbell Pet Co. v. Miale*, 542 F.3d 879, 884 (Fed. Cir. 2008)).

The facts here are the same. Apple has not plead, nor can it demonstrate, that EON has a physical presence or is licensed to conduct business in California. Instead, Apple alleges that EON has conducted patent licensing in the district. Under controlling law, that is not enough to establish general jurisdiction.

### C. Apple Cannot Demonstrate That This Court Has Specific Jurisdiction Over EON.

**1. Under controlling law, Apple has failed to demonstrate specific jurisdiction over EON because licensing activity does not establish minimum contacts with the state.**

The totality of EON's alleged contacts with this forum—that it has nonspecifically but "regularly" engaged in patent licensing activity here—do not rise to minimum contacts under controlling law. For specific jurisdiction to be proper under the Due Process Clause, a nonresident defendant must purposefully establish minimum contacts with the forum, the cause of action must directly arise out of those contacts, and jurisdiction must be constitutionally reasonable. *See Autogenomics*, 566 F.3d at 1017; *accord Boschetto*, 539 F.3d at 1016. The Federal Circuit employs a three-prong test for specific jurisdiction that examines whether:

(1) The defendant purposefully directed its activities at residents of the forum,

(2) The claim arises out of or relates to those activities, and

(3) Assertion of personal jurisdiction is reasonable and fair.

*Autogenomics*, 566 F.3d at 1018 (citing *Akro Corp. v. Luker*, 45 F.3d 1541, 1545 (Fed. Cir. 1995)); *see Boschetto*, 539 F.3d at 1016. "The first two factors correspond with the 'minimum contacts' prong of the *International Shoe* analysis, and the third factor corresponds with the 'fair play and substantial justice' prong of the analysis." *Autogenomics*, 566 F.3d. at 1019 (quoting *Inamed Corp. v. Kuzmak*, 249 F.3d at 1359. "With respect to the last prong, the burden of proof is on the defendant, which must 'present a compelling case that the presence of some other considerations would render jurisdiction unreasonable' under the five-factor test

articulated by the Supreme Court in *Burger King*." *Breckenridge Pharm., Inc. v. Metabolite Laboratories, Inc.*, 444 F.3d 1356, 1363 (Fed. Cir. 2006) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476–77 (1985)); *accord Schwarzenegger*, 374 F.3d at 802.

Importantly, declaratory judgment actions involving patents contain very specific criteria to establish specific jurisdiction. As the Federal Circuit noted in *Autogenomics*:

> [T]he contacts material to the specific jurisdiction analysis in a declaratory judgment action *are not just any activities related to the patent-at-issue*. Rather, the relevant activities are those that the defendant "purposefully directs . . . at the forum which relate in some material way to the enforcement or the defense of the patent." Thus, courts must examine the jurisdictional facts for conduct whereby the patentee "may be said to purposefully avail itself of the forum and to engage in activity that relates to the validity and enforceability of the patent."

*Autogenomics*, 566 F.3d at 1019–20 (emphasis added) (quoting *Avocent*, 552 F.3d at 1336).

In such actions, the mere licensing of a patent does not give rise to personal jurisdiction because it is not considered purposeful availment under the law. As the *Avocent* court explained, nonexclusive licensing does not create specific jurisdiction:

> [W]e have held that mere evidence of sales within the forum of products covered by the relevant patent(s) is insufficient to guarantee specific personal jurisdiction over the patentee. *For example, in Breckenridge we noted that specific personal jurisdiction is not proper where the patentee "has successfully licensed the patent in the forum state, even to multiple non-exclusive licensees, but . . . has no dealings with those licensees beyond the receipt of royalty income."* In *Red Wing Shoe*, we declined to find specific personal jurisdiction over a patentee with thirty-four non-exclusive licensees selling the patented product in the forum State because "none of [the patentee's] licenses requires it to defend or pursue infringement actions involving the [relevant] patent, nor requires [the patentee] to be so nearly involved with its licensees as was the case with the exclusive licensee in *Akro*."

*Avocent*, 552 F.3d at 1336 (emphasis added) (brackets and ellipses in original) (quoting *Breckenridge*, 444 F.3d at 1366; *Red Wing Shoe Co. v. Hockerson–Halberstadt, Inc.*, 148 F.3d 1355, 1362 (Fed. Cir. 1998)).

By contrast, a plaintiff in a declaratory judgment action like this one must demonstrate that the defendant purposefully aimed its enforcement or validity activities at the forum via litigation *filed* in the forum, the granting of an *exclusive* license, or some other contractual obligation that forces the defendant to defend the patent in the forum state. The *Avocent* court

continues:

> In short, a defendant patentee's mere acts of making, using, offering to sell, selling, or importing products—whether covered by the relevant patent(s) or not—do not, in the jurisdictional sense, relate in any material way to the patent right that is at the center of any declaratory judgment claim for non-infringement, invalidity, and/or unenforceability.. . . However, . . . if the defendant patentee purposefully directs activities at the forum which relate in some material way to the enforcement or the defense of the patent, those activities may suffice to support specific jurisdiction. For example, when the patentee enters into an exclusive license or other obligation relating to the exploitation of the patent by such licensee or contracting party in the forum, the patentee's contractual undertaking may impose certain obligations to enforce the patent against infringers.

*Avocent*, 552 F.3d at 1336.

The Federal Circuit's ruling in *Red Wing Shoe*, which has been favorably cited by the Ninth Circuit, is illustrative.  There, the plaintiff, a Minnesota corporation, sought jurisdiction over defendant Louisiana corporation in Minnesota federal district court in an action for declaratory judgment of non-infringement, invalidity, and unenforceability. 148 F.3d at 1357. The defendant sent Red Wing Shoe a series of letters alleging infringement and offering a non-exclusive license.  *Id.*  In addition, the defendant had thirty-four non-exclusive licensees, all of which sold products in Minnesota and six of which maintained retail stores in Minnesota or possessed a Minnesota business registration.  *Id.* at 1357–58.  The defendant received royalty income from its licensees for sales made in Minnesota, but "exercise[d] no control over the sales activities of its licensees" and, indeed "had no dealings with its licensees in [Minnesota]." *Id.* at 1358, 1361–62.  The Federal Circuit reasoned that jurisdiction was not appropriate in this situation because "an offer to license is more closely akin to an offer for settlement of a disputed claim rather than an arms-length negotiation in anticipation of a long-term continuing business relationship."  *Id.* at 1361.

Here, the totality of Apple's accusations regarding minimum contacts with the forum is that "EON regularly conducts business in this judicial district" by "licensing the '491 Patent in this judicial district."  (D.I. 1 at ¶ 7).  Like the Defendant in *Red Wing Shoe*, EON's licensing activity in California cannot be used as a basis for jurisdiction.  In fact, EON's connection to the forum are even less than the defendant in *Red Wing Shoe*, as Apple has not alleged—nor can

DEFENDANT'S MOTION TO DISMISS FOR LACK
OF PERSONAL JURISDICTION

CASE NO.: 5:15-CV-03762-PSG

it—that EON has more than thirty-four nonexclusive licenses with California companies. Accordingly, this alone would not be enough to confer jurisdiction as it "would not comport with principles of fairness." *Id.* at 1361.

In addition, Apple does not allege that EON has *exclusively* licensed the '491 Patent to any entity in this jurisdiction, nor could Apple do so, because EON has entered no such agreements. Likewise, Apple has not pled, and cannot do so, that EON has entered any agreements to enforce or defend the validity of the patent in California. Accordingly, the instant facts are distinguishable from those cases where the Federal Circuit has found personal jurisdiction based in part on licensing in the forum state. In *Breckenridge*, the defendant had granted an *exclusive* license to a party that conducted business within the forum state, had coordinated its actions with the licensee in the forum state, was jointly represented by counsel with the licensee. 444 F.3d at 1366-67. In *Genetic Implant Systems*, the defendant had appointed the plaintiff "as the 'exclusive worldwide distributor' of its [product]" and had "granted [the plaintiff] the right to distribute the products, and it agreed not to appoint 'any other person, firm or entity to sell or otherwise distribute' the products." 123 F.3d at 1458–59. In *Akro*, the case involved "an additional activity aimed at the forum state-namely, the patentee's exclusive licensing of one of the accused infringer's competitors within the forum state" as well an agreement that obliged the licensee to "to defend and pursue any infringement against" the patent. 45 F.3d at 1548. Apple has not, and cannot, demonstrate that EON's activity licensing the '491 Patent in this state creates personal jurisdiction, and this action should accordingly be dismissed.

**2. This Court's decision in *Smugmug, Inc.* is directly analogous.**

This Court dealt with a similar set of facts in *Smugmug, Inc. v. Virtual Photo Store LLC*, No. C 09–2255 CW, 2009 WL 3833969 (N.D. Cal. Nov. 16, 2009). In *Smugmug*, the plaintiff—a Delaware corporation whose principal place of business was in Mountain View, California—filed a declaratory judgment action seeking a declaration that it did not infringe several of the defendant–licensee's patents. *Id.* at *1. The defendant was a Delaware limited liability company whose principal place of business was in Chicago. *Id.* Through jurisdictional

discovery, it was revealed that defendant had "solicited at least twenty California companies to join its licensing program," and "that it ha[d] non-exclusive license agreements with at least five California entities," *Id.* at *2.  Four of those non-exclusive licenses were granted "in exchange for one-time, lump sum payments," while one involved "royalties on an ongoing basis."  *Id.*  In addition, the defendant had been the plaintiff in a patent infringement lawsuit in the Northern District of California that had been filed outside of the forum and transferred here against the defendant's will.  *Id.* at *4.

Relying heavily on *Autogenomics*, *Avocent*, and *Red Wing Shoe*, this Court held that those contacts were not enough to establish specific jurisdiction over the defendant.  The Court rejected the notion that even vigorous licensing activity in the forum could establish personal jurisdiction:

> Plaintiff cites Defendant's non-exclusive licenses and the revenue from them. Defendant has earned a substantial portion of its revenue from California entities. However, as Autogenomics states, non-exclusive licenses, without any showing of enforcement efforts, are insufficient to justify specific jurisdiction. And revenue from licensees is irrelevant unless the contact with the licensees is itself "constitutionally cognizable."
>
> Aside from Defendant's commercialization efforts, which do not justify personal jurisdiction under Federal Circuit precedent, Plaintiff provides no evidence of Defendant's contacts with California. Accordingly, there is no basis for specific jurisdiction.

*Smugmug*, 2009 WL 3833969, at *4–*5 (citation omitted) (citing *Autogenomics*, 566 F.3d at 1020; *Red Wing Shoe*, 148 F.3d at 1361–62).  The Court also rejected the plaintiff's attempt to bend the defendant's patent infringement actions in the forum—transferred from a foreign jurisdiction over the defendant's objections—as willful and purposeful availment under the law: "Plaintiff mentions a patent infringement lawsuit prosecuted by Defendant in this district.  *Autogenomics* recognizes lawsuits as enforcement activity.  However, the case was transferred here over Defendant's objections, so it does not provide evidence of Defendant's attempt to avail itself of this forum."  *Id.* at *4 (citation omitted).

The similarities between *Smugmug* and the instant case are striking.  There, the defendant "regularly" engaged in nonexclusive patent licensing in California, eliciting twenty California entities and entering into nonexclusive licenses with five of these entities.  In

8

addition, that defendant had to litigate, as a plaintiff, a patent infringement suit in the forum that it filed elsewhere and was transferred to California against its will.  Here, Apple has alleged facts that fall well below the *Smugmug* threshold.  Even if, according to Apple, EON "regularly" engages in licensing activity in the forum, and EON has litigated in this forum against its objections, specific jurisdiction does not exist because those activities do not demonstrate that EON has purposefully availed itself of this forum under controlling law.  The Court should follow *Smugmug* and hold that it does not have personal jurisdiction over EON in this matter.

**IV.    CONCLUSION**

For the foregoing reasons, EON respectfully requests that this action be dismissed for lack of personal jurisdiction.

DATED:  August 21, 2015                    Respectfully submitted,
                                          REED & SCARDINO LLP


                                   By   ___/s/ *John Hendricks*___
                                          John Hendricks
                                          Daniel R. Scardino
                                          Catherine Bentley Harris
                                          Matthew Murrell
                                          Attorneys for Defendant
                                          EON Corp. IP Holdings, LLC

DEFENDANT'S MOTION TO DISMISS FOR LACK                    CASE NO.: 5:15-CV-03762-PSG
OF PERSONAL JURISDICTION